(109 App. Div. 917)

## Ex parte HILL.

(Supreme Court, Appellate Division, Second Department. November 29, 1905.)

Appeal from Special Term, Kings County.

Habeas corpus proceedings by the people on the relation of John Hill. From an order adverse to the petitioner, he appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Lockwood & Hill, for petitioner.

PER CURIAM. Order reversed, and petitioner discharged, upon the opinion in People ex rel. Silz v. Hesterberg (decided herewith) 96 N. Y. Supp. 386.

JENKS and MILLER, JJ., dissent.

---

(48 Misc. Rep. 655)

## KUNSTLER v. INTERURBAN ST. RY. CO.

(Supreme Court, Appellate Term. November 29, 1905.)

DAMAGES—PERSONAL INJURIES—EVIDENCE.

    In an action for injuries it was error to permit an expert to testify as to plaintiff's disabled condition, in the absence of evidence that he was free from such condition before the accident.

Appeal from City Court of New York.

Action by Max Kunstler against the Interurban Street Railway Company. From a judgment in favor of plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed.

Argued before SCOTT, P. J., and GILDERSLEEVE and MacLEAN, JJ.

Bayard H. Ames, for appellant.

Radigan, Burgen & Gray (Joseph H. Radigan, of counsel), for respondent.

PER CURIAM. This action is brought to recover damages for personal injuries sustained by plaintiff through the alleged negligence of the defendant company. The plaintiff was riding a bicycle northward on one of the tracks of defendant, when a north-bound car struck the rear wheel of the bicycle and threw him to the pavement. The jury found a verdict in favor of the plaintiff and assessed the damages at $350. Defendant appeals.

There is sufficient evidence to support the finding of freedom from contributory negligence on the part of the plaintiff and negligence of the defendant. Rooks v. Houston, W. S. & P. F. R. Co., 10 App. Div. 98, 41 N. Y. Supp. 824; Warren v. Union Ry. Co., 46 App. Div. 517, 61 N. Y. Supp. 1009; Mapes v. Same, 56 App. Div. 508, 67 N. Y. Supp. 358. No grounds for reversal appear under this branch of the